IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES DRAUCKER, #23-000262, | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:23-cv-1043-S-BN |
| STATE OF TEXAS, | § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner James Draucker has filed another *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2241 in this district challenging his extradition from Texas to Pennsylvania. *See* Dkt. No. 3; *see also Draucker v. State of Pa.*, No. 3:23-cv-583-X-BN, 2023 WL 3294863, at *3-*4 (N.D. Tex. Mar. 29, 2023) ("The [Texas] court proceedings … show that the trial court fulfilled its narrow role in the extradition process as established by *Michigan v. Doran[*, 439 U.S. 282 (1978)]. And nothing in the record before this Court reflects that a federal court should 'interfere in the constitutionally-mandated extradition process.' In sum, Draucker fails to show that he is entitled to habeas relief in this district under the narrow scope of [28 U.S.C. §] 2241 in the context of extradition. That is, Draucker fails to show that his custody in Rockwall County prior to being released to Pennsylvania authorities was 'in violation of the Constitution or laws or treaties of the United States.'" (quoting first *McDonald v. Burrows*, 731 F.2d 294, 296 (5th Cir. 1984), then 28 U.S.C. § 2241(c)(3))), *rec. accepted*, 2023 WL 3293287 (N.D. Tex. May 5, 2023).

The presiding United States district judge referred Draucker's latest Section 2241 application to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

And, because Draucker is already in Pennsylvania custody, his current habeas-based challenges to the validity of his extradition from Texas are moot, and the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this proceeding accordingly.

As another judge of this Court recently explained,

> [t]o the extent Petitioner challenges the validity of his extradition, he is not entitled to a writ of habeas corpus because he is already in the custody of the demanding state. "Once a fugitive has been brought within custody of the demanding state, legality of extradition is no longer [the] proper subject of any legal attack by him." *Siegel v. Edwards*, 566 F.2d 958, 960 (5th Cir. 1978). *See also Harden v. Pataki*, 320 F.3d 1289, 1299 (11th Cir. 2003) (quoting *Barton v. Norrod*, 106 F.3d 1289, 1299 (6th Cir. 1997)) (providing "[o]nce the fugitive is returned to the demanding state, the right to challenge extradition becomes moot: the fugitive is no longer being detained by the asylum state, and so, the legality of his or her detention there is no longer at issue").

*Sterling v. Waybourn*, No. 4:21-cv-608-P, 2021 WL 5286574, at *1 (N.D. Tex. Oct. 25, 2021) (concluding that "Petitioner has already been returned to the demanding state, Texas; therefore, the legality of his extradition from Arkansas is moot.").

Similarly, Draucker "has already been returned to the demanding state, [Pennsylvania]; therefore, the legality of his extradition from [Texas] is moot." *Id.*

## Recommendation

The Court should dismiss this habeas action as moot.

A copy of these findings, conclusions, and recommendation shall be served on

all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 11, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE