IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES DRAUCKER, #23-000262, | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:23-cv-1043-S-BN |
| STATE OF TEXAS, | § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

The Court dismissed Petitioner James Draucker's *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his extradition from Texas to Pennsylvania as moot because he was already in custody in Pennsylvania. *See Draucker v. State of Tex.*, No. 3:23-cv-1043-S-BN, 2023 WL 4534964 (N.D. Tex. May 11, 2023), *rec. accepted*, 2023 WL 4533681 (N.D. Tex. July 13, 2023).

Less than 28 days later, Draucker objected to the judgment and moved the Court to reconsider the mootness determination. *See* Dkt. No. 31.

The Court should construe this filing as a motion under Federal Rule of Civil Procedure 59(e). *See* RULES 1(b), 12, RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS (providing that Rule 59(e) "may be applied" in Section 2241 proceedings); *see also Perez v. Hijar*, No. 22-50904, 2023 WL 4559366 (5th Cir. July 17, 2023) (per curiam) (applying Section 2254 Rule 1(b) while affirming denial of Section 2241 petition and challenge to that denial under Civil Rule 59(e)).

A Rule 59(e) motion timely filed, within 28 days of judgment, "'suspends the

finality of the original judgment' for purposes of an appeal." *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) (quoting *FCC v. League of Women Voters of Cal.*, 468 U.S. 364, 373, n.10 (1984)). So, at this point, "there is no longer a final judgment to appeal from," and, "[o]nly the disposition of [the Rule 59(e)] motion 'restores th[e] finality' of the original judgment, thus starting the 30-day appeal clock." *Id.* (citations omitted). The Court's "ruling on the Rule 59(e) motion" will therefore merge "with the prior determination, so that the reviewing court takes up only one judgment." *Banister*, 140 S. Ct. at 1703 (citation omitted).

Rule 59(e) "is 'an extraordinary remedy that should be used sparingly.'" *Rollins v. Home Depot USA*, 8 F.4th 393, 396 (5th Cir. 2021) (citation omitted). And, while its text "does not specify the available grounds for obtaining such relief," the United States Court of Appeals for the Fifth Circuit

> has explained that Rule 59(e) motions "are for the narrow purpose of correcting manifest errors of law or fact or presenting newly discovered evidence" – not for raising arguments "which could, and should, have been made before the judgment issued." [The Fifth Circuit has] further noted that Rule 59(e) allows a party to alter or amend a judgment when there has been an intervening change in the controlling law.

*Id.* (citations omitted); *accord Demahy*, 702 F.3d at 182.

Draucker's construed Rule 59(e) fails to show a basis for relief: controlling law has not changed since the Court entered judgment; Draucker presents no newly discovered evidence; nor does Draucker show that the Court need correct a manifest error of law or fact, as Draucker fails to show that the basis for the dismissal of this habeas action was incorrect. *See Rollins*, 8 F.4th at 396; *Demahy*, 702 F.3d at 182.

The Court should therefore deny the construed motion under Rule 59(e).

## Recommendation

The Court should deny Petitioner James Draucker's construed motion under Federal Rule of Civil Procedure 59(e) [Dkt. No. 31], and should, solely for statistical purposes, reopen and then close this case based on any order accepting or adopting these findings, conclusions, and recommendation.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 3, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE